IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RENALDA PHARR<br>    Plaintiff, | §<br>§<br>§ | C.A. NO. 4:12-cv-1655 |
| VS. | §<br>§ | JURY REQUESTED |
| GC SERVICES LIMITED PARTNERSHIP<br>    Defendant. | §<br>§ | |

**DEFENDANTS GC SERVICES, LP'S
ORIGINAL ANSWER, AFFIRMATIVE DEFENSES, AND JURY DEMAND TO
PLAINTIFF'S COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, Defendant, GC SERVICES LIMITED PARTNERSHIP, (hereinafter referred to as "Defendant") and files its Answer, Affirmative Defenses, and Jury Demand to Plaintiff RENALDA PHARR's (hereinafter referred to as "Plaintiff") Complaint (hereinafter referred to as "Complaint") and would respectfully show the Court the following:

### I.    INTRODUCTION

1.    Defendant admits that Plaintiff brought this action seeking actual and statutory damages against it for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C.§1692, et. seq. (hereinafter referred to as "FDCPA") as alleged in Paragraph 1 of Plaintiff's Complaint; however, Defendant denies violating the FDCPA or any other state or federal law.  Defendant also denies engaging in any abusive, deceptive and/or unfair practices as alleged in Paragraph 1 of Plaintiff's Complaint.  All remaining allegations alleged in Paragraph 1 of Plaintiff's Complaint are hereby denied.

## II.     JURISDICTION AND VENUE

2.     Defendant admits that it appears that this Court has jurisdiction, pursuant to 28 U.S.C. §§1331 and 1337 as alleged in Paragraph 2 of Plaintiff's Complaint, because Plaintiff has asserted a federal claim under 15 U.S.C. §1692k as alleged in Paragraphs 13-16 of Plaintiff's Complaint; however, Defendant denies that it and/or its agents have engaged in any acts, wrongful, illegal, abusive, harassing or deceptive conduct giving rise to any claims under the FDCPA or any other state or federal law.  Defendant admits that venue appears proper in this district as alleged in Paragraph 2 of Plaintiff's Complaint because it appears that Defendant resides in this district. However, GC Services denies engaging in act giving rise or supporting an FDCPA claim or any other state or federal cause of action against Defendant and/or its agents. Defendant denies all remaining allegations asserted in Paragraph 2 of Plaintiff's Complaint.

## III.     PARTIES

3.     Defendant admits that Plaintiff is a natural person as alleged in Paragraph 3 of Plaintiff's Complaint, but Defendant lacks sufficient information or knowledge to admit or deny the remaining allegations regarding Plaintiff's residence as alleged in Paragraph 3 of Plaintiff's Complaint.

4.     Defendant admits that it is a limited partnership engaged in business in this state with its principal place of business located in Harris County, Texas as alleged in Paragraph 4 of Plaintiff's Original Complaint.  Defendant admits that it is in the business of collecting debts in this state and regularly attempts to collect debts alleged to be due another as alleged.  Defendant admits that it may be

served through its registered agent CT Corporation as alleged in Paragraph 4 of Plaintiff's Original Complaint. Defendant denies all remaining allegations in Paragraph 4 of Plaintiff's Complaint.

5. Plaintiff seeks to require Defendant to admit a proposition of law in Paragraph 5 of Plaintiff's Complaint, which does not require a response. To the extent the Court requires a response, Defendant admits that it at times may use instrumentalities of interstate commerce, such as the United States Postal Service and telephone to collect or attempt to collect debts owed or due to another. Defendant denies all remaining allegations asserted in Paragraph 5 of Plaintiff's Complaint.

### IV.   FACTUAL ALLEGATIONS

6. Defendant denies the allegations asserted in Paragraph 6 of Plaintiff's Complaint.

7. Defendant denies the allegations asserted in Paragraph 7 of Plaintiff's Complaint.

8. Defendant denies the allegations asserted in Paragraph 8 of Plaintiff's Complaint.

9. Defendant denies the allegations asserted in Paragraph 9 of Plaintiff's Complaint.

10. Defendant lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 10 of Plaintiff's Complaint.

11. Defendant denies the allegations in Paragraph 11 of Plaintiff's Complaint.

12. Defendant denies the allegations in Paragraph 12 of Plaintiff's Complaint.

### V. COUNTS – VIOLATIONS OF THE FDCPA

13. Defendant incorporates its responses to Paragraphs 1-12 of Plaintiff's Complaint as if fully stated herein.

14. Defendant denies the allegations in Paragraph 14 of Plaintiff's Complaint and the following subparagraphs:

(a) Defendant denies the allegations in Paragraph 14(a) of Plaintiff's Complaint.

(b) Defendant denies the allegations in Paragraph 14 (b) of Plaintiff's Complaint.

(c) Defendant denies the allegations in Paragraph 14 (c) of Plaintiff's Complaint.

(d) Defendant denies the allegations in Paragraph 14 (d) of Plaintiff's Complaint.

(e) Defendant denies the allegations in Paragraph 14 (e) of Plaintiff's Complaint.

(f) Defendant denies the allegations in Paragraph 14 (f) of Plaintiff's Complaint.

15. Defendant denies the allegations alleged in Paragraph 15 of Plaintiff's Complaint.

16. Defendant denies the allegations alleged in Paragraph 16 of Plaintiff's Complaint.

### VI. PLAINTIFF'S VARIOUS PRAYERS FOR RELIEF

17. Defendant admits that Plaintiff prays for actual damages, statutory

damages, costs and reasonable attorney fees, and any other relief; however, Defendant denies that Plaintiff is entitled to any such damages, including but not limited to actual damages, emotional distress, statutory damages, costs and reasonable attorney fees. Defendant further denies that Plaintiff is entitled to any other relief, at law or equity, plead or not plead in this matter, under any legal theory, common, state or federal, including but not limited to treble damages, liquidated and unliquidated damages, emotional damages, pain and suffering damages, medical expenses, or economic or noneconomic damages, in either the past or future, as alleged in Plaintiff's Complaint. Defendant also denies being liable for any claims asserted by Plaintiff in Plaintiff's Complaint and any relief sought in this lawsuit.

## VII.   AFFIRMATIVE DEFENSES

18.   Plaintiff's Complaint fails to state a claim against Defendant upon which relief may be granted.

19.   No act or omission of Defendant, which act or omission Defendant denies, rises to the level of reckless, willful, wanton, intentional, knowing, and/or malice, and/or was the result of a bona fide error pursuant to FDCPA, 15 U.S.C. §1692, et. al. and the Chapter 392 of Texas Finance Code, et. al.; therefore, Defendant did not have the requisite intent. To the extent that any statutory violation occurred, which violation that Defendant expressly denies, the violation was unintentional and the result of a bona fide error, notwithstanding the maintenance of procedures reasonable adapted to avoid such errors, which Defendant expressly denies the existence of such errors.

20. Defendant asserts the defense of lack of standing to some, if not all, of Plaintiff's claims.

21. Defendant denies that Plaintiff sustained any actual damages, whether economic or noneconomic, as the result of any actions or omissions of Defendant. To the extent Plaintiff suffered any actual damages, which Defendant denies, Plaintiff could have, by reasonable effort, mitigated the damages alleged, but Plaintiff failed to do so. Thus, the extent of the Plaintiff's damages, if any, should be reduced by the amount that Plaintiff could have reasonably mitigated them by proper action and by the amount, if any, that Plaintiff actually has mitigated.

22. Defendant further asserts that an award of statutory damages in absence of any actual damages would be a denial of its right to due process under state and federal law. In this lawsuit, Plaintiff only seeks statutory damages; however, Defendant asserts that a claim for statutory damages when an individual admittedly does not have any actual damages is a violation of both due process of the Texas and United States Constitution.

23. Defendant asserts that Plaintiff failed to comply with condition precedent prior to bringing this suit.

24. Although Plaintiff is seeking actual damages in this matter, it is unclear whether or not Plaintiff is seeking noneconomic actual damages, such as mental anguish, pain and suffering, in this matter. To the extent Plaintiff is seeking mental anguish, emotional distress, pain and suffering damages, Defendant denies causing said damages.

25. Defendant asserts the affirmative defense that Defendant has established and implemented, with due care, reasonable practices and procedure to effectively prevent violations of regulations prescribed under the Texas Finance Code and/or FDCPA.

26. All or part of Plaintiff's state law claims are preempted by the Supremacy Clause of the United States Constitution.

27. Defendant asserts that some, if not all, of the damages and relief sought by Plaintiff are not recoverable under all or some of the causes of actions Plaintiff has asserted in this matter.

28. Defendant asserts that 15 U.S.C.§ 1692, et. seq. prohibits the recovery of equitable relief, including but not limited to declaratory judgment.

29. Defendant asserts that Plaintiff is not entitled to equitable relief, including but not limited to injunctive relief or declaratory judgment, under the Texas Finance Code or Deceptive Trade Practices Act or any other legal theory asserted by Plaintiff.

30. Defendant denies that it is liable to Plaintiff for any statutory damages but pleads, in the alternative, that if any statutory damages are awarded in this matter that the statutory damages may not exceed, in accordance with federal law, a total of $1,000 in this lawsuit regardless of the number of purported FDCPA violations alleged or proven by Plaintiff.

31. To the extent Plaintiff has asserted any claim for relief under multiple statutes or legal theories seeking multiple recovery for the same purported damages, Defendant asserts that Plaintiff is barred from recovering actual

damages under multiple causes of action or the double or multiple recoveries of damages for the same damage under federal and Texas law. Plaintiff must make an election of remedies.

31.   This action was brought in bad faith and for the purpose of harassment. Defendant is entitled to recover from Plaintiff reasonable attorney's fees in relation to the work extended and cost incurred in this matter.

## VIII.   JURY DEMAND

32.   Defendant asserts its rights under the under Seventh Amendment to the U.S. Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

## IX.   CONCLUSION AND PRAYER

33.   Defendant requests and prays that Plaintiff RENALDA PHARR take nothing by her suit and that Defendant go hence without delay with costs taxed against Plaintiff, and for all other relief, both special and general, in law or equity, for which it may show itself justly entitled.

    Respectfully Submitted

    SPROTT RIGBY NEWSOM ROBBINS,
     & LUNCEFORD, PC

    By:   */s/Kandy E. Messenger*
    KANDY E. MESSENGER
    State Bar No. 24053360
    Fed. ID. 638777
    2211 Norfolk, Suite 1150
    Houston, Texas   77098
    Tel:  (713) 523-8338
    Fax:  (713) 523-9422

    **ATTORNEYS FOR DEFENDANT**
    **GC SERVICES, LP**

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that on the **30th of June, 2012,** a true and correct copy of the foregoing was served by first class mail, postage prepaid, facsimile or electronic mail by the Clerk of the Court via the CM/ECF, on the following counsel and/or parties as follows:

| | |
|---|---|
| Kim A. Lucas | *Via E-File* |
| State Bar No. 14991480 | |
| KYLE MATHIS & LUCAS, LLP | |
| 8223 Douglas Avenue, Suite 450 | |
| Dallas, Texas 75225 | |
| (214) 706-7600 | |
| (214) 706-7622 (Fax) | |

COUNSEL FOR PLAINTIFF
RENALDA PHARR

                                                                                                   */s/Kandy E. Messenger*
                                                                                                       Kandy E. Messenger